UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MATTHEW OTERO, | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 2:25-CV-00246 |
| | § | |
| CITY OF ROCKPORT, | § | |
| ARANSAS COUNTY NAVIGATION | § | |
| DISTRICT, | § | |
| | § | |
| **Defendants.** | § | |

### DEFENDANT ARANSAS COUNTY NAVIGATION DISTRICT'S RULE 12(b)(6) MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR DAMAGES

TO THE HONORABLE DAVID S. MORALES AND HONORABLE JULIE K. HAMPTON:

NOW COMES Defendant, Aransas County Navigation District, and files this its Motion to Dismiss Plaintiff's Complaint for Damages pursuant to Federal Rule of Civil Procedure 12(b)(6), and would respectfully show the Court as follows:

### I. Introduction

*Pro se* Plaintiff Matthew Otero ("Plaintiff" or "Otero") has filed suit against Aransas County Navigation District ("ACND"). Pursuant to 42 U.S.C. § 1983, he asserts claims of (1) malicious prosecution, (2) denial of medical care, and seeks "damages for reputational and medical harm." D.E. 1. Plaintiff also asserts state common law claims of (1) negligence, (2) gross negligence, (3) malicious prosecution, (4) intentional infliction of emotional distress, and, (5) negligent failure to provide adequate medical care to an incarcerated individual, and seeks damages for "reputational harm and interference with medical care." Defendant is entitled to dismissal of Plaintiff's § 1983 constitutional violation claims because his Complaint does not satisfy the Monell pleading requirements. Defendant is also entitled to dismissal of his state law claims as ACND has governmental immunity and there

has been no waiver of its immunity under the Texas Tort Claims Act.

## II. Summary of Facts Alleged by Plaintiff[1]

On or about July 5, 2025, Plaintiff received a call from his daughter to pick her up at property managed by Aransas County Navigation District (ACND). D.E. 1 at ¶ 6. Because he was driving a vehicle with a trailer attached, Otero requested and received permission from an ACND worker to briefly enter the park to turn around safely. *Id.* at ¶ 7. However, as he attempted to enter the park, another ACND worker stopped him and insisted he pay to enter. *Id.* at ¶ 8. ACND personnel summoned the Rockport Police Department. *Id.* at ¶ 9.

Upon arrival, a Rockport police officer "violently threw [Otero] to the ground without justification, causing significant injury, and placed him under arrest." *Id.* at ¶ 10. The officer's report noted that Otero had been "slammed very hard." *Id.* at ¶ 12. Otero was charged with resisting arrest, criminal trespass, and obstruction of a highway. *Id.* at ¶ 11. Otero was ultimately transported to a hospital. *Id.* at ¶ 12.

Otero suffers from serious liver disease and is "currently processing medical procedures with Baylor St. Luke's Medical Center prepping for a liver transplant list." *Id.* at ¶ 14.

Otero was incarcerated with the Aransas County Detention Center (ACDC) for five days. *Id.* at ¶¶ 13-15. During his incarceration, he was denied access to his prescribed medications and denied full medical prescriptions. Also, while incarcerated, the acting ACDC physician on duty contacted Otero's doctors and advised of his arrest. *Id.* at ¶¶ 13, 15. Otero's medical providers indicated that the transplant board could be notified and his eligibility for a life-saving transplant at risk. Id. at ¶ 16.

---

[1] The "facts" are derived from Plaintiff's Complaint for Damages, D.E. 1 at ¶¶ 6-22. Defendant disputes the facts as stated by Plaintiff are true.

Within a week after his takedown by the Rockport police officer, Otero began experiencing shortness of breath. *Id.* at ¶ 18. After his symptoms worsened, he underwent a coronary angiography. The angiogram revealed a collapsed artery and heart blockage, a condition(s) which did not exist prior to "the police assault". *Id*. at ¶ 19. Before the incident, Otero underwent extensive medical testing including a cardiac examination which showed his heart was in excellent condition. *Id*. at ¶ 17. And, his doctors confirmed that only months earlier his cardiovascular system was healthy and blockage-free. *Id*. at ¶ 20.

No criminal charges have been filed or pursued by the prosecutor's office. *Id*. at ¶ 16.

### III. <u>Legal Standard</u>

Rule 8 of the Federal Rules of Civil Procedure requires a plaintiff to submit pleadings that allege sufficient facts to establish the elements necessary to state a claim on which relief may be granted. Although Rule 8(a)(2) only requires "a short and plain statement of the claim showing that the pleader is entitled to relief," to be sufficient the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the [factual] allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (parenthetical in original); Fed. R. Civ. P. 8(a)(2).

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible, and is therefore sufficient, "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Conversely, "[t]hreadbare recitals of the elements of a cause of action,

3

supported by mere conclusory statements, do not suffice." *Id*. at 663. The facial plausibility standard is not a probability standard, but it requires the plaintiff's factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citing 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1216, 235-36 (3d ed. 2004).

While a court must take all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor, a court is not bound "to accept as true a legal conclusion couched as a factual allegation." *Id*. (quoting *Twombly*, 550 U.S. at 555). Only facts are entitled to an assumption of truth; legal conclusions unsupported by factual allegations do not suffice. *Iqbal*, 556 U.S. at 678-79.

Pleadings filed by *pro se* plaintiffs are to be liberally construed by the court when determining whether they state a viable claim upon which relief can be granted. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Carlucci v. Chapa*, 884 F.3d 534, 538 (5th Cir. 2018). The court is to accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *Alexander v. AmeriPro Funding, Inc.*, 848 F.3d 698, 701 (5th Cir. 2017); *Baker v. Putnal*, 75 F.3d 190, 195 (5th Cir. 1996). Regardless of how well-pleaded the factual allegations may be, they must demonstrate that the plaintiff is entitled to relief under a valid legal theory. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).

The Supreme Court instructs a two-pronged approach when analyzing a Rule 12(b) motion to dismiss. *Iqbal,* 556 U.S. at 679. First, the Court identifies those allegations that are mere conclusions and, therefore, not entitled to a presumption of truth and not considered in the rubric of the pleading standard. *Id.* Then, the remaining pleadings are reviewed to "determine whether they

plausibly give rise to an entitlement to relief." *Id.*

In ruling on a motion to dismiss under Rule 12(b)(6), a court "generally 'must limit itself to the contents of the pleadings, including attachments thereto.'" *Brand Coupon Network, LLC v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014) (quoting *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000)). Courts may also "take into account documents incorporated into the complaint by reference or integral to the claim, items subject to judicial notice, matters of public record, ....". *Meyers v. Textron, Inc.*, 540 F. App'x 408, 409 (5th Cir. 2013).

### IV. Arguments and Authorities

**A.    42 U.S.C. § 1983 Constitutional Claims**

Pursuant to 42 U.S.C. § 1983, Plaintiff asserts the following claims against ACND: (1) malicious prosecution (*Id.* at ¶¶ 31-33), (2) denial of medical care (*Id.* at ¶¶ 45-47), and seeks damages for "damages for reputational and medical harm." (*Id.* at Count VI, ¶¶ 41-43). ACND is entitled to dismissal of Plaintiff's claims because he not pled a plausible § 1983 claim for governmental liability.

**1.    Section 1983 Liability Standard**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege (1) that some person has deprived him of a right secured by the U.S. Constitution and (2) that the person who has deprived him of that right acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Anokwuru v. City of Houston*, 990 F.3d 956, 963 (5th Cir. 2021); *Deleon v. Nueces Cnty.*, 2022 U.S. Dist. LEXIS 235545, *4 (S.D. Tex. June 2, 2022) (Morales, D.), *aff'd*, 2023 U.S. App. LEXIS 17523 (5th Cir. 2023).

Under § 1983, a plaintiff may not sue a governmental entity for "an injury inflicted solely by

its employees or agents." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Instead, a plaintiff must plausibly allege a (1) policymaker, (2) an official policy or custom, and (3) a violation of a constitutional right whose moving force is the official policy or custom. *Id*. at 694; *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002); *Pitrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).

The alleged violative actions of a governmental employee must have been made pursuant either to the execution of official policy or the persistent, widespread practice or pattern of government officials or employees. *Pitrowski*, 237 F.3d at 578. Allegations of an isolated incident are not sufficient to show the existence of a custom or policy. *Fraire v. City of Arlington*, 957 F.2d 1268, 1278 (5th Cir. 1992); *Culbertson v. Lykos*, 790 F.3d 608, 628 (5th Cir. 2015). A plaintiff must plead specific past instances to plausibly allege governmental liability. *Ratliff v. Aransas Cnty., Texas*, 948 F.3d 281, 285 (5th Cir. 2020); *Peña v. City of Rio Grande City*, 879 F.3d 613, 622 (5th Cir. 2018); *Benavides v. Nueces Cnty.*, No. 2:21-CV-00194, 2022 U.S. Dist. LEXIS 251917 at *5 (S.D. Tex. June 23, 2022).

A plaintiff must also show that a governmental entity's custom or policy was adopted with deliberate indifference to a person's constitutional rights. *City of Canton,* 489 U.S. 378, 390-392 (1989); *Piotrowski*, 237 F.3d at 579.

   2.   **Aransas County Navigation District (ACND)**

Aransas County Navigation District (ACND) is a political subdivision of the State of Texas operating as a navigation district under Article XVI, Section 59 of the Texas Constitution and the laws of the State of Texas, particularly Chapters 60 and 62 of the Texas Water Code. A navigation district such as ACND "is a political subdivision of the State for immunity purposes." *Chambers-*

*Liberty Counties Navigation Dist. v. State*, 575 S.W.3d 339, 344-45 (Tex. 2019) (confirming that a navigation district "is a political subdivision of the State for immunity purposes"); *accord Seureau v. ExxonMobil Corp.*, 274 S.W.3d 206, 215, 225 (Tex. App.—Houston [14th Dist.] 2008, no pet.) ("Port [of Houston Authority] is a navigation district and political subdivision of the State" and thus has "governmental immunity").

A political subdivision of the State of Texas such as ACND is considered a "person" within the meaning of Section 1983 and is treated as a municipality for purposes of Section 1983 liability under *Monell*. *Appling Cnty. v. Mun. Elec. Auth. of Ga.*, 621 F.2d 1301, 1308 (5th Cir. 1980) ("The Supreme Court's holding in Monell is that by enacting 42 U.S.C. § 1983, Congress intended to make municipalities and other political subdivisions amenable to suits brought under that section."); *see Cantu v. Gonzales*, 2025 U.S. Dist. LEXIS 186981, *12 (W.D. Tex. Aug. 25, 2025) (Hon. Xavier Rodriguez) (recognizing a political subdivision of the state is amenable to suit under Section 1983); *Young v. Dall. Area Rapid Transit*, 3:95-CV-2596-X, 1999 U.S. Dist. LEXIS 4470, at *4-6 (N.D. Tex. 1999)(recognizing that a political subdivision of the State of Texas is a "person" within the meaning of section 1983).

### 3. Plaintiff Fails to Allege any Plausible § 1983 Monell Claim

Plaintiff does not identify or plead any fact identifying a policymaker. He does not allege a ACND custom or policy of malicious prosecutions or denials of medical care. Similarly, he does not plead any fact to show the existence of an ACND custom or policy of malicious prosecutions or denials of medical care. Plaintiff does not allege that an ACND custom, policy or practice was the moving force behind the alleged constitutional violations. He has not pled any fact to show that a ACND custom, policy or practice of conduct by ACND employees or officials caused the alleged

constitutional violations. Accordingly, ACND is entitled to dismissal of Plaintiff's § 1983 Monell constitutional violation claims.

### 4. Plaintiff Fails to Plead a Viable Denial of Medical Care Claim

Not only failing to satisfactorily plead a Section 1983 claim, Plaintiff fails to allege a viable Fourteenth Amendment denial of medical care claim. Plaintiff fails to allege any fact to permit the court to make the plausible inference that his constitutional right was violated. D.E. 1 at ¶¶ 44-47.

To establish a Fourteenth Amendment denial of medical care claim, a plaintiff must show that a government official had a "subjective knowledge of a substantial risk of serious harm to [the] pretrial detainee but responded with deliberate indifference to that risk." *Hare v. City of Corinth*, 74 F.3d 633, 650 (5th Cir. 1996); *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010). Deliberate indifference is an extremely high standard. Plaintiff must "show that the officials 'refused to treat him, ignored his complaint, intentionally treated him incorrectly, or engaged in any similar conduct that would evince a wanton disregard for any serious medical needs.'" *Domino v. Tex. Dep't of Crim. Just.*, 239 F.3d 752, 756 (5th Cir. 2001) (quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985). Negligence, or even gross negligence, on the part of the government official does not rise to the level of deliberate indifference. See *Hare*, 74 F.3d at 645-46.

Plaintiff's allegations do not support a plausible inference that ACND violated his constitutional right. Plaintiff complains that he was denied medical care during the five days he was incarcerated in the Aransas County Detention Center. *Id.* at ¶¶ 45-47. He does not allege – and it is not the case – that Aransas County Navigation District owned and/or operated the Aransas County

Detention Center.[2] There is no fact pled by Plaintiff that any ACND employee or official denied him medical care. He alleges only these facts: (1) that because he was driving a vehicle with a trailer attached he requested permission from an ACND worker to briefly enter the park to turn around safely, (2) that the ACND worker agreed with his request, (3) that as he attempted to enter the park, another ACND worker stopped him and insisted he pay to enter, and (4) that ACND personnel summoned the Rockport Police Department. Refer to D.E. 1 at ¶¶ 7-9. ACND is entitled to dismissal with prejudice of Plaintiff's claim.

     **5.**     **Damages/Claims for Reputational and Medical Harm**

Plaintiff asserts as Count VI "damages for reputational and medical harm" D.E. 1 at ¶¶ 41-43. To the extent Plaintiff asserts "reputational harm" and "medical harm" claims, ACND is entitled to dismissal with prejudice as said claims do not exist. As outlined above, Plaintiff's constitutional claims, including any related claims for damages, must be dismissed due to Plaintiff's failure to satisfy the Monell pleading requirements.

**B.**     **Plaintiff's State Law Claims**

Plaintiff asserts the following "Texas common law" claims against the City: (1) malicious prosecution (D.E. 1 at ¶ 33), (2) intentional infliction of emotional distress (*Id.* at ¶¶ 34-37), (3) negligence (*Id.* at ¶¶ 38-40), (4) gross negligence (*Id.*), (5) negligent failure to provide adequate medical care to an incarcerated individual (*Id*. at ¶ 48), and (6) "damages for reputational harm and interference with medical care" *(Id*. at ¶¶ 42-43).

In support of his claims, Plaintiff pleads only these facts: (1) that because he was driving a

---

[2] Aransas County Navigation District (ACND) is a legal entity separate and apart from the Aransas County Detention Center. The Court is requested to take judicial notice of ACND's website (acnd.org/about) and Aransas County Detention Center's website (aransascounty.org/detentioncenter).

vehicle with a trailer attached he requested permission from an ACND worker to briefly enter the park to turn around safely, (2) that the ACND worker agreed with his request, (3) that as he attempted to enter the park, another ACND worker stopped him and insisted he pay to enter, and (4) that ACND personnel summoned the Rockport Police Department. D.E. 1 at ¶¶ 7-9. These facts do not support Plaintiff's state law claims.

### 1. No Waiver of ACND's Immunity under the Texas Tort Claims Act

Under Texas law, a governmental unit is immune from tort liability unless the legislature has waived immunity. *Forgan v. Howard Cty.*, 494 F.3d 518, 520 (5th Cir. 2007).

A governmental unit can only be held liable for the tortious actions of its agents and employees to the extent that its sovereign immunity is waived by the Texas Tort Claims Act, Tex. Civ. Prac. & Rem. Code Ann. § 101 et seq. A governmental unit is defined as a "political subdivision of this state, including any ... navigation district....". Tex. Civ. Prac. & Rem. Code Ann. § 101.001(3)(B); *Chambers-Liberty Counties Navigation Dist. v. State*, 575 S.W.3d 339, 344-45 (Tex. 2019) (confirming that a navigation district "is a political subdivision of the State for immunity purposes"). A plaintiff's suit asserting common law claims against a governmental unit such as ACND are considered to be under the Texas Tort Claims Act (TTCA). *Quinn v. Guerrero*, 863 F.3d 353, 362 (5th Cir. 2017).

The Texas Tort Claims Act contains a narrow waiver of governmental immunity, providing that a governmental unit in the state is liable for:

(1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:

    (A) the property damage, personal injury, or death arises from the operation or

      use of a motor-driven vehicle or motor-driven equipment; and
(B) the employee would be personally liable to the claimant according to Texas law; and
(2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

Tex. Civ. Prac. & Rem. Code Ann. § 101.021 (West 2024).

The Texas Tort Claims Act does not waive a governmental unit such as ACND's immunity for claims arising out of any intentional tort. Tex. Civ. Prac. & Rem. Code Ann. § 101.057 (2); *City of Watauga v. Gordon*, 434 S.W.3d 586, 589 (Tex. 2014); *Aguirre v. City of San Antonio*, 995 F.3d 395, 422 (5th Cir. 2021).

Plaintiff fails to allege any fact in his Complaint which would support a waiver of the ACND's immunity under the Texas Tort Claims Act for his state law claims.

<u>No Waiver of Immunity: Negligence Claims</u>. Liability only applies if there is personal injury caused by the operation or use of a motor-driven vehicle or motor-driven equipment or the use of tangible personal or real property and ACND's employees would be personally liable to the claimant under Texas law. Plaintiff does not plead facts sufficient to establish the waiver of ACND's immunity. He does not plead the operation or use of a motor-driven vehicle/motor-driven equipment or the condition or use of tangible personal or real property.

In support of Plaintiff's negligence claim, he conclusorily alleges that ACND "negligently failed to train and supervise its employees, creating conflicting directives that led to [his] wrongful arrest." D.E. 1 at ¶¶ 39. He has not pled any fact. The Texas Supreme Court has held that "a cause of action for negligent supervision or training must satisfy the TTCA's use of tangible property requirement." *Tex. Dep't of Crim. Justice-Cmty. Justice Assistance Div. v. Campos*, 384 S.W.3d 810,

11

815 (Tex. 2012); *Johnson ex rel. A.N.E.R. v. City of San Antonio*, No. 23-50476, 2024 U.S. App. LEXIS 239, 2024 WL 50463, at *3-4 (5th Cir. Jan. 4, 2024); *see also Gipson v. Harris Cnty.*, No. 4:19-CV-2591, 2020 U.S. Dist. LEXIS 209045, 2020 WL 6550543, at *5 (S.D. Tex. Oct. 15, 2020) (dismissing claim because "TTCA does not waive ... immunity for negligent hiring, training, retention, or supervision"). Plaintiff's claim does not. Because the facts pled by Plaintiff do not fall within the provisions of Section 101.021, ACND is entitled to dismissal with prejudice of Plaintiff's negligence claim.

As to Plaintiff's gross negligence claim, he conclusorily alleges that ACND "acted with reckless disregard to [his] rights, constituting gross negligence under Texas Civil Practice and Remedies Code § 41.001(11)." D.E. 1 at ¶¶ 39. He has not pled any fact. He does not plead any fact regarding the operation or use of a motor-driven vehicle/motor-driven equipment or the condition or use of tangible personal or real property. Because the facts asserted by Plaintiff do not fall within the provisions of Section 101.021, ACND is entitled to dismissal with prejudice of his gross negligence claim.

As to Plaintiff's claim of negligent failure to provide adequate medical care to an incarcerated individual, he pleads that "while incarcerated at the Aransas County Detention Center, following his arrest by City of Rockport officers, [he] was denied access to prescribed medications ...". D.E. 1 at ¶¶ 45. There is, however, no fact pled that ACND denied him access to medication and/or medical care. And, Plaintiff does not plead the operation or use of a motor-driven vehicle/motor-driven equipment or the condition or use of tangible personal or real property. D.E. 1, Complaint at ¶¶ 44-48. Because the facts asserted by Plaintiff do not fall within the provisions of Section 101.021, ACND is entitled to dismissal with prejudice of Plaintiff's claim.

<u>Immunity Not Waived for Intentional Tort Claims</u>. Pursuant to Section 101.057 (2) of the Texas Tort Claims Act, ACND is entitled to dismissal with prejudice of Plaintiff's intentional infliction of emotional distress and malicious prosecution claims. The TTCA specifically provides that immunity is not waived for claims "arising out of ... any ... intentional tort." Tex. Civ. Prac. & Rem. Code Ann. § 101.057 (2). Intentional infliction of emotional distress is an intentional tort, and ACND is entitled to its dismissal with prejudice. *Johnson ex rel. A.N.E.R.*, 2024 U.S. App. LEXIS 239 at *4 (recognizing intentional infliction of emotional distress is an intentional tort and upholding district court's dismissal of claim against city because its immunity was not waived); *Thomas v. State*, 294 F. Supp. 3d 576, 614 (N.D. Tex. 2018). Malicious prosecution claim is an intentional tort, and ACND is entitled to its dismissal with prejudice. *City of Hempstead v. Kmiec*, 902 S.W.2d 118, 122 (Tex. App.—Houston [1st Dist.] 1995, no writ); *Humphreys v. City of Ganado*, 467 Fed. Appx. 252, 256-57 (5th Cir. 2012) (per curiam); *Drakos v. City of Meadows Place*, 2025 U.S. Dist. LEXIS 28101, *20 (S.D. Tex. Feb. 18, 2025) (Hon. David Hittner); *Baugh v. City of Port Lavaca*, No. 6:20-CV-00007, 2022 U.S. Dist. LEXIS 59583, 2022 WL 980270, at *9 (S.D. Tex. Mar. 30, 2022) (Hon. Drew Tipton).

Plaintiff fails to allege any fact in his Complaint which would support a waiver of the ACND's immunity under the Texas Tort Claims Act for his state law claims. As Plaintiff cannot remedy the deficiency by amending his pleading, said claims must be dismissed with prejudice.

**2.    Damages/Claims for Reputational Harm and Interference with Medical Care**

In Count VI of Plaintiff's Complaint, Plaintiff seeks damages "under Texas common law for reputational harm and interference with medical care." D.E. 1 at ¶ 43. To the extent Plaintiff has inartfully pled common law claims of "reputational harm" and "interference with medical care,"

13

ACND asserts such claims do not exist and seeks dismissal with prejudice of same.

Assuming *arguendo* that said claims exist, ACND is entitled to governmental immunity. Plaintiff does not plead any fact to support a waiver of ACND's immunity under the Texas Tort Claims Act. Plaintiff pleads as facts: (1) that because he was driving a vehicle with a trailer attached he requested permission from an ACND worker to briefly enter the park to turn around safely, (2) that the ACND worker agreed with his request, (3) that as he attempted to enter the park, another ACND worker stopped him and insisted he pay to enter, and (4) that ACND personnel summoned the Rockport Police Department. D.E. 1 at ¶¶ 7-9. These facts do not support Plaintiff's claim that ACND either caused him reputational harm or interfered with his medical care. And, these facts do not support a waiver of ACND's immunity. As such, Defendant is entitled to dismissal with prejudice of any claims for "reputational harm" or "interference with medical care" and any related damages claims.

C.   **Punitive Damages Not Recoverable**

Plaintiff seeks to recover punitive damages against ACND. D.E. 1 at VI. ACND, a governmental entity, cannot be liable for punitive damages. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 101 S.Ct. 2748 (1981); *Skyy v. City of Arlington*, 712 Fed. Appx. 396, 401 (5th Cir. 2017); *Webster v. City of Houston*, 735 F.2d 838, 860 n.52 (5th Cir. 1984); *Residents v. Zone*, 260 F. Supp. 3d 738, 761-62 (S.D. Tex. 2017); Tex. Civ. Prac. & Rem. Code § 101.024. As Plaintiff cannot remedy the deficiency by amending his pleading, his claim for punitive damages must be dismissed with prejudice.

D.   **Futility of Amendment**

Although it is generally the policy of the courts to permit *pro se* litigants an opportunity to

amend their pleading prior to dismissal under Rule 12(b)(6), allowing Plaintiff to amend his complaint as it relates to his Section 1983 claims, state law claims and claims for the recovery of punitive damages would be futile. *Hale v. King*, 642 F.3d 492, 503 (5th Cir. 2011). Plaintiff's Section 1983 claims, state law claims and claim for the recovery of punitive damages are not viable and any amendment would be futile. *See Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003).

## V. Prayer

For the reasons stated herein, Defendant Aransas County Navigation District respectfully requests that the court dismiss Plaintiff's claims as requested in this Motion and grant Defendant such other and further relief to which it may show itself to be justly entitled at law and in equity.

Respectfully submitted,

By: */s/ Liza Aguilar Wood*
Liza Aguilar Wood (Attorney-in-Charge)
Texas Bar No. 24006741
Southern District of Texas Bar No. 23222
laguilarwood@mmjw-law.com
Marshall Gardner (Of Counsel)
Texas Bar No. 82123828
Southern District of Texas Bar No. 3755601
mgardner@mmjw-law.com
James McKibben (Of Counsel)
Texas Bar No. 13713000
Southern District of Texas Bar No. 914
jmckibben@mcv-law.com
McKIBBEN, MARTINEZ & WOOD, L.L.P.
555 N. Carancahua, Ste. 1100
Corpus Christi, Texas 78401-0841
Telephone: 361.882.6611
Facsimile: 361.883.8353

**ATTORNEYS FOR DEFENDANT**
**ARANSAS COUNTY NAVIGATION DISTRICT**

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 10, 2025, a true and correct copy of this Rule 12(b)(6) Motion to Dismiss has been provided in the manner indicated below to Pro se Plaintiff Matthew Otero in accordance with the Federal Rules of Civil Procedure and Southern District of Texas Local Rule 5.3. A courtesy copy will also be mailed to Pro se Plaintiff Otero on December 11, 2025.

**VIA E-MAIL (12/10) & FIRST CLASS U.S. MAIL (12/11)**
Matthew Otero
173 N. Pearl St.
Rockport, Texas 78382
exxizzotero@gmail.com

*/s/ Liza Aguilar Wood*
Liza Aguilar Wood