UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MATTHEW OTERO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:25-CV-00246 |
| | § | |
| CITY OF ROCKPORT, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER ADOPTING MEMORANDUM & RECOMMENDATION

Before the Court is Magistrate Judge Julie K. Hampton's Memorandum and Recommendation ("M&R"). (D.E. 36). The M&R recommends the Court grant the City of Rockport's and the Aransas County Navigation District's motions to dismiss, (D.E. 17); (D.E. 26), and dismiss Plaintiff's claims against them for failure to state a claim. (D.E. 36, p. 1). The M&R further recommends the Court decline to exercise supplemental jurisdiction over Plaintiff's related state law claims. *Id.*

Plaintiff timely filed objections to the M&R. (D.E. 37). When a party objects to the findings and recommendations of a magistrate judge, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). A party must point out with particularity any alleged errors in the magistrate judge's analysis. *Pelko v. Perales*, No. 23-CV-00339, 2024 WL 1972896, at *1 (S.D. Tex. May 3, 2024) (Ramos, J.). Objections that merely re-urge arguments contained in the original briefing are not proper and will not be considered. *Edmond v. Collins*, 8 F.3d 290, 293 n.7 (5th Cir. 1993). Moreover, "[f]rivolous, conclusive or general objections need not be

1 / 3

considered by the district court." *Battle v. U.S. Parole Comm'n*, 842 F.2d 419, 421 (5th Cir. 1987) (citation and internal quotation marks omitted).

As to any portion for which no objection is filed, a district court reviews for clearly erroneous factual findings and conclusions of law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam). Furthermore, having previously authorized district courts to expeditiously adopt a magistrate judge's recommendation, *McGill v. Goff*, 17 F.3d 729, 731–32 (5th Cir. 1994) (permitting a district court to adopt a magistrate's recommendation one day after receiving it and before objections were filed), the Fifth Circuit has also authorized district courts to adopt a magistrate judge's recommendation without providing detailed analysis. *See Habets v. Waste Mgmt., Inc.*, 363 F.3d 378, 382 (5th Cir. 2004) (affirming a district court's two-sentence order adopting a magistrate's recommendation for summary judgment).[1]

After considering Plaintiff's objections and reviewing the M&R de novo, the Court **OVERRULES** Plaintiff's objections, (D.E. 37), and **ADOPTS** the findings and conclusions of the M&R. (D.E. 36). Accordingly, the Court **GRANTS** the City's motion to dismiss, (D.E. 17), and the Navigation District's motion to dismiss. (D.E. 26). The Court **DECLINES** to exercise supplemental jurisdiction over Plaintiff's related state law claims. The Court further **DENIES** Plaintiff's motion for leave to amend because it is clear that the amendment would be futile. (D.E. 39); *see also Johnson v. Harris Cnty.*, 83 F.4th 941, 947 (5th Cir. 2023).

The Court will enter a final judgment separately.

---

[1] Specifically, the Fifth Circuit stated that "because the magistrate here made only legal findings on a summary judgment motion, the district court was permitted to issue an abbreviated order adopting [the recommendation]." *Habets*, 363 F.3d at 382. The Court finds that the principles animating the Fifth Circuit's decision apply with equal force here: (1) "the record was available to the district court a full 20 days before the court issued its order"; (2) "the magistrate here made no involved findings of fact . . ."; (3) "the magistrate here provided a thorough analysis to support its recommendation"; and (4) "the district court had a complete record of the magistrate's proceedings." *See id.* (citations omitted).

2 / 3

SO ORDERED.

DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Signed: Corpus Christi, Texas
July 21st, 2026